NELSON ALLEY *et al.*, plaintiffs in error, *v.* THE PEOPLE OF THE STATE OF ILLINOIS, defendants in error.

### *Error to Warren.*

In the absence of any order of Court discharging a recognizance, it is sufficient to authorize an entry of judgment of forfeiture, that the record should show that the principal in the recognizance was called, and made default.

The *scire facias*, issued on a judgment of forfeiture of recognizance, should be against the principal and sureties, not against the sureties alone.

The fact, however notorious, that the principal in a recognizance has absconded, does not dispense with the necessity of issuing a *scire facias* against him.

If a *scire facias* is issued against the principal and sureties, and returned *scire feci*, as to his co-defendants, but not as to him, the Court is not authorized to award execution against them; to justify the award of execution, there must be either service on all of the defendants, or two *nihils*.

ON the 16th day of May, 1844, James C. Gregory, Nelson Alley and William C. Gregory entered into a recognizance before two justices of the peace of Warren county, conditioned, that if the said James C. Gregory should appear before the Circuit Court of said county, on the first day of the next term, then and there to answer a charge of burglary and larceny, and abide the judgment of the Court, and not depart without leave, then said recognizance to be void, else to remain in full force and virtue.

The record does not show the finding of an indictment, but it does appear that judgment was rendered at the June term 1844, against the principal and sureties by default, for the sum of $800, the penalty of the recognizance, and a writ of *scire facias* ordered to be issued against Nelson Alley and William C. Gregory, the sureties, commanding them to appear at the next term and show cause why execution should not issue thereon. It was issued and returned to the November term 1844, when judgment was rendered thereon against said sureties by default, for the sum of $800, and execution awarded, by the Hon. Jesse B. Thomas presiding in said Warren Circuit. The cause was submitted without argument, on the assignment of errors and authorities cited.

*O. H. Browning,* for the plaintiffs in error, assigned for error, the following, to wit:

1.  It does not appear from the *scire facias,* that an indictment was ever found against the principal in the recognizance for the offence for which he was recognized.

2.  There is no averment in the *scire facias,* that the recognizance had been forfeited by the principal in the recognizance.

3.  The Court erred in awarding *sci. fa.* against two only of the recognizors, when the recognizance was entered into by three jointly.

4.  The Court erred in rendering judgment against the defendants in said *scire facias.*

5.  The *scire facias* shows no cause of action against the defendants.

The following authorities were cited in support of the alleged errors. *Andress* v. *The State,* 3 Blackf. 110; *Lang* v. *The State,* Ib. 344; *Underhill* v. *Devereux,* 2 Saund. Part I, 71 *b.* note.—71 *c.* note—72.

*J. A. McDougall,* Attorney General, for the defendants in error, confessed the errors assigned, the only question being as to the effect of a reversal of the judgment.

The Opinion of the Court was delivered by

THOMAS, J. The errors assigned in this cause are confessed by the Attorney General, and, consequently, there is no controversy as to the reversal of the judgment of the Circuit Court, but as to the effect of such reversal, there is.

The counsel for the plaintiffs in error contend, that the record shows no cause of action against their clients, and that therefore the judgment of this Court should be final; this position is, on the part of the People, denied.

For the settlement of the question thus made, a general reference to the record, and to the errors assigned thereon, is necessary. By such reference it appears, that the plaintiffs in error were the securities of one James C. Gregory in a recognizance entered into according to law, conditioned for the

appearance of the said James C. Gregory, before the Circuit Court of Warren county, to answer to a charge of burglary and larceny. That at the term of said Court, at which the said James C. Gregory was recognized to appear, a judgment was rendered by the said Court against all of said recognizors by default, for the forfeiture of said recognizance, and for the recovery by the People of the penalty therein; and an order made awarding *sci. fa.* against Nelson Alley and William C. Gregory, the plaintiffs in error, requiring them to appear and show cause, why execution should not issue against them for the penalty of the said recognizance; and further, that the record of the proceedings therein does not show that any indictment was ever found against the said James C. Gregory. That a *sci.fa.* was accordingly issued against the plaintiffs in error, and duly served upon them; and that at the return term of that writ a judgment was rendered against them, by default for the aforesaid penalty, and execution ordered.

The errors alleged to exist in the record are, that it does not show that any indictment was ever found against the said James C. Gregory; that *sci. fa.* was ordered and issued, and judgment thereon rendered against the securities in the recognizance only, without noticing the principal therein; and that there is no averment in the *sci.fa.* that the recognizance had been forfeited.

The first of these objections is not well taken. In the absence of any order of the Court discharging the recognizance, it is sufficient to authorize an entry of judgment of forfeiture, that the record should show, that the principal in the recognizance was called, and made default. Tested by this rule, the judgment of forfeiture herein was properly rendered. But it is otherwise in regard to the subsequent proceedings for the recovery of the penalty thus forfeited. They should have been prosecuted against all; they were not, and therefore were erroneous.

It is probable, that the misprision of the clerk in this case, in entering up the order for *sci. fa.*, the issuing of that writ and the rendition of judgment thereon, grew out of the fact, that the principal in the recognizance had, as it so often hap-

pens in such cases, notoriously absconded, and that it was consequently supposed that no service of process could have been had upon him.    This fact, however, if it had existed, did not dispense with the necessity of issuing the *sci. fa.* against him as well as the other defendants; nor if it had been so issued, and returned *scire feci* as to his co-defendants, but not as to him, would the Court have been authorized to award execution against them.

The fourth section of the Practice Act has no application to such proceedings, nor is there any other statutory provision regulating them.    The practice, then, is derived from the Common Law.    There, although in cases of recognizances estreated for collection into the Court of Exchequer, the usual mode of proceeding is to sue out an extent in chief against the body, lands and goods of the Crown debtors, (become so by reason of the forfeiture of their recognizances,) still, *sci. fa.* is sometimes issued, and then, to justify the award of execution, there must either be service on all of the defendants, or two *nihils*.    2 Tidd's Pr. 1091, 1092.

The alleged defect in the *scire facias*, in not averring that the recognizance ever had been forfeited, is good in point of law, but not of fact.    It does aver that a judgment of forfeiture had been rendered, and sets out that judgment *in hæc verba;* nothing more than this could be required.

Our conclusion is, that the whole record shows a sufficient cause of action, or more properly speaking, a sufficient ground for the award of execution against the plaintiffs in error, which should not be defeated by a mere *clerical misprision.* The judgment will be reversed, and the cause remanded to the Circuit Court of Warren county, with directions to award a *scire facias de novo* against James C. Gregory and the plaintiffs in error.

*Judgment reversed.*